414 So.2d 678 (1982)
STATE of Louisiana
v.
Alex LATHERS.
No. 81-KA-2961.
Supreme Court of Louisiana.
May 17, 1982.
*679 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Bob Hester, Asst. Dist. Attys., for plaintiff-appellee.
Jeff Calmes and David Randall Buckley, Public Defender, Baton Rouge, for defendant-appellant.
PHILIP C. CIACCIO, Justice Pro Tem.[*]
Defendant, Alex Lathers, was indicted for the crime of aggravated rape, R.S. 14:42. He was convicted, by a twelve man jury, of forcible rape and sentenced to forty years at hard labor, R.S. 14:42.1. Defendant appeals his conviction and sentence on the basis of one assignment of error.
On July 10, 1980 at approximately 2:00 A.M., Pamela Edwards was driving a pick-up truck through Scotlandville, on her way home to St. Francisville, after visiting her sister and brother-in-law who were staying at the Jay Motel in East Baton Rouge Parish. Miss Edwards stopped at a red light at the intersection of Highway 61 and Louisiana 19. At that point Alex Lathers, the defendant, entered the truck through an unlocked passenger-side door. After pointing, what the victim thought to be a gun, at her, the defendant forced her to drive to a secluded area. Miss Edwards jumped out of the truck and attempted to escape. She was choked by the defendant and then raped. After the attack, the victim managed to escape-by driving away in her truck. As she drove away from the site of the assault she heard what sounded like gun shots. Miss Edwards drove to the Jay Motel where she told her sister of the incident and then reported the rape to the police. The victim accompanied the police to the scene of the attack and she gave them a description of the defendant, who was arrested shortly thereafter.
On appeal, the defendant contends that the trial judge erred in imposing an unconstitutionally excessive sentence. La.Const. Art. 1, Section 20.
The statutorily prescribed penalty for forcible rape is imprisonment at hard labor for not less than two nor more than forty years. R.S. 14:42.1.
In order to determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the senses of justice. State v. Bonanno, 384 So.2d 355 (La.1980). In reaching this determination, the Supreme Court is aided by the judge's reasons for imposition of sentence. State v. Stegall, 377 So.2d 103 (La.1979). The court must consider the sentencing guidelines before imposing a sentence of imprisonment. C.Cr.P. Art. 894.1, State v. Williams, 397 So.2d 1287 (La.1981). The law mandates that the trial court state for the record the considerations and factual basis for the sentence imposed. C.Cr.P. Art. 894.1. State v. Forshee, 395 So.2d 742 (La.1981), State v. Jones, 386 So.2d 85 (La.1980), on appeal from remand 398 So.2d 1049 (La.1981). The sentence imposed by the court must be individualized, that is, adapted to the offender as well as to the offense. State v. Wright, 384 So.2d 399 (La.1980); State v. Little, 377 So.2d 332 (La.1979). The trial court need not articulate every aggravating and mitigating circumstance, but the record must reflect that the court adequately considered *680 the sentencing guidelines in particularizing the sentence to the defendant. See: State v. Gray, 404 So.2d 1215 (La.1982). State v. Franks, 373 So.2d 1307 (La.1979), on appeal from remand, 391 So.2d 1133 (La.1980), cert, den., 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818. This Court will vacate a sentence and remand for resentencing in those instances in which the sentence is disproportionately severe when viewed in light of the offense committed and the reasons for such sentence do not appear in the record. State v. Russell, 397 So.2d 1319 (La.1981).
The record indicates that the trial judge was aided by a pre-sentence investigation report. The report contains certain factual information which would be mitigating in the defendant's favor. That is, the report states that the defendant was twenty-two years of age at the time of the offense; he had two prior arrests and no convictions; he had no prior felony offender status; and he had a steady employment history. The record does not indicate that these factors were considered nor weighed in sentencing the defendant. The essence of the judge's ruling focused on the despicable nature of this particular offense, with little or no reference to the Louisiana statutory guidelines for sentencing and with little or no reference to the mitigating factors of this case. C.Cr.P. Art. 894.1 and C.Cr.P. Art. 905.5. Since we are unable to review the excessiveness of defendant's sentence because it was imposed without proper compliance with the statutory guidelines for sentencing, we must set the sentence aside and remand for resentencing.
Accordingly, the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for re-sentencing, with a full statement of reasons for the particular sentence imposed.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] Judge H. Charles Gaudin of the Court of Appeal, Fifth Circuit and Judges Israel M. Augustine, Jr. and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Watson, and Lemmon.