STOKER, Judge.
Defendant, Joseph Russell Shea, appeals as excessive a sentence of the trial court of nine years imprisonment with the Louisiana Department of Corrections. Defendant plead nolo contendere to one count of aggravated criminal damage to property in violation of LSA-R.S. 14:55.
The facts leading to defendant’s arrest and conviction are as follows:
On the night of April 2, 1982, Shea’s co-defendant, Donald Freeze, was informed by his girlfriend that she had been accosted and beaten by two men in a pickup truck. Freeze enlisted the aid of defendant and another man. The party went to the home of Freeze, where Freeze armed himself with a .357 caliber revolver and armed defendant with a 16-gauge shotgun. Freeze and his group then set out to find his girlfriend’s assailants.
The Freeze party sighted another party of individuals traveling down a road in a pickup truck and brought them to a halt by ramming their vehicle from the rear. The driver of the pickup truck jumped out to investigate and discovered Freeze and defendant pointing their weapons at him. There were three other passengers inside the truck’s cab, but apparently the driver was the only one involved in the alleged assault of Freeze’s girlfriend. The driver stepped back inside his truck but was ordered to get out of his vehicle along with his passengers. The driver ignored the order and sped away. As the truck moved forward, Freeze fired a salvo from his .357 into the left side of the truck. Defendant Shea followed suit by firing two bursts from the shotgun into the truck’s right door. The blast from defendant’s shotgun seriously injured the leg of one of the passengers, a teenage boy. Freeze and defendant were apprehended shortly thereafter and taken into custody. Defendant’s co-defendant Freeze was tried by a jury and was convicted of the same offense as that to *644 which Shea pleaded.[1] Each was sentenced to nine years imprisonment.
Defendant has a long criminal history insofar as his “rap sheet” is concerned, but the record indicates only two convictions. The convictions occurred in 1964 for forging money orders, and Shea was sentenced to two years imprisonment on each conviction.
In imposing sentence, the trial judge not- • ed many factors, among them the outra-geousness of defendant’s conduct. The trial judge observed that defendant had no personal interest in the matter, yet he fired the shot which resulted in the injury. The judge stated that defendant was a follower, a man easily influenced by others who could benefit from a custodial environment. He said there were no mitigating factors which would operate to defendant’s benefit and concluded that a sentence of nine years was necessary to reflect the seriousness of the crime.
The defendant assigns as error the trial judge’s failure to comply with LSA-C.Cr.P. art. 894.1 sentencing guidelines and the imposition of a constitutionally excessive sentence.
Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be excessive either by reason of its length or because the circumstances warranted a less onerous sentencing alternative. State v. Sepulvado, 367 So.2d 762 (La.1979). In determining whether a penalty is excessive, we are abjured to consider “the punishment and the crime in light of harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, 384 So.2d 355, 358 (La.1980).
In our review we must give consideration to the sentencing guidelines codified in LSA-C.Cr.P. art. 894.1. These factors, which the sentencing judge must consider before sentence is imposed, allow the trial court to individualize the penalty and adapt it to the offender as well as the offense. The trial court need not articulate every aggravating and mitigating circumstance, but the record must reflect that the court adequately considered sentencing guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), and State v. McDonald, 414 So.2d 735 (La.1982). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La. 1982).
The maximum sentence that may be imposed for violation of LSA-R.S. 14:55 is a fine of $10,000 and 15 years imprisonment with or without hard labor, or both.
Considering the principles set forth above as to whether or not the sentence is constitutional, we cannot say that the sentence of nine years imprisonment shocks our sense of justice. As articulated by the trial court, the conduct of defendant in deliberately arming himself and deliberately firing shotgun blasts into a truck occupied by human beings is outrageous. The conduct of defendant resulted in physical injury to a human being.
Defendant contends that the court failed to consider as a mitigating factor that defendant did not contemplate that his criminal conduct would cause or threaten serious harm. See C.Cr.P. art. 894.1B(2). This argument has no merit. In firing his weapon into the cab of a pickup truck occupied by four individuals, defendant must have contemplated that his criminal conduct might cause serious harm. Further, the mitigating factors set out in Section B of the cited statute do not control the discretion of the court but are to be accorded weight. The opening portion of Section B reads:
*645 “The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation.”
With reference to defendant’s awareness of the consequences of his actions, the trial court specifically referred to the fact that it was defendant’s conduct which caused the injury to the victim.
Defendant also contends that the mitigating factor referred to in subparagraph B(4) of the sentencing guideline statute should have been considered by the trial court. This mitigating factor comes into play if there is some excuse or justification for defendant’s criminal conduct. We see no excuse or justification for defendant’s conduct, and the trial court sufficiently articulated the consideration of this factor at the sentencing proceeding.
The record reflects that the trial judge adequately considered the factors set forth in the statute. Defendant was sentenced to nine years, although he could have been fined up to $10,000 and imprisoned for 15 years.
After considering the circumstances of this case and all other pertinent factors, we are not persuaded that this sentence was disproportionate to the severity of his crime. The trial judge did not abuse his discretion.
DECREE
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. Freeze appealed his conviction. His appeal was heard before another panel of this Court and is dealt with in a separate opinion captioned State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir.1983).