498 So.2d 1206 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Debra L. WALTON, Defendant-Appellant.
No. CR86-759.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1207 Louis Cosenza, Leesville, for defendant-appellant.
Vernon Clark, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not the sentences imposed on defendant for distribution of cocaine and possession of cocaine were excessive.
Debra L. Walton (hereinafter defendant) pled guilty to one count of distribution of cocaine and one count of possession of cocaine. Defendant was sentenced to ten years at hard labor for distribution of cocaine and three years at hard labor for possession of cocaine, with the sentences to run concurrently. Defendant timely appeals contending her sentences are excessive. We affirm.

FACTS
On February 18, 1986, defendant, along with two other persons, was charged by the District Attorney of Vernon Parish, Louisiana by bill of information Number 40,484 with two counts of distribution of a controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(A)(1), one count of possession with intent to distribute a controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(A)(1) and one count of possession with intent to distribute a controlled dangerous substance, marijuana, in violation of La.R.S. 40:966(A)(1).
On February 18, 1986, the District Attorney of Vernon Parish, Louisiana charged defendant by bill of information Number 40,488 with three counts of distribution of a controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(A)(1), one count of possession with intent to distribute a controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(A)(1), one count of possession with intent to distribute a controlled dangerous substance, marijuana, in violation of La.R.S. 40:966(A)(1), and one count each of possession of cocaine and marijuana, violations of La.R.S. 40:967(C), and 40:966(D), respectively.
On December 11, 1985, the defendant sold 3.1 grams of cocaine. Although the persons who were jointly billed with the defendant in bill of information Number 40,484 were also present during this drug deal, defendant admitted that she participated in the transaction. Subsequently, in the early morning on December 12, 1985 defendant was arrested and during the arrest a small amount of cocaine was found on her person.
On February 18, 1986, the date on which both of the bills of information were filed, defendant was arraigned and counsel representing her entered pleas of not guilty on all counts and the court ordered the cases fixed for trial.
On April 10, 1986 the defendant was arraigned at a probation violation hearing. Present were the defendant, her defense counsel, and the attorney for the prosecution. Prior to defendant's criminal activities which resulted in her December 12, 1986 arrest, defendant had been charged in 1984 with multiple drug charges which resulted in defendant pleading to guilty to two counts of possession of marijuana and for which she received a six month probated sentence. Defendant, through her attorney, indicated her desire not to contest violation of her conditions of probation and admitted to a probation violation. At the conclusion of the probation violation hearing the court ordered defendant's probation on the 1984 sentence revoked and ordered defendant to serve the sentence originally imposed.
After the probation violation hearing, and as a result of a plea bargain arrangement between the defense and the prosecution, *1208 the defendant withdrew her former pleas of not guilty and entered guilty pleas to Count 2 of bill of information Number 40,484, distribution of a controlled dangerous substance, cocaine, a violation of La. R.S. 40:967(A)(1), and to Count Number 6 of bill of information Number 40,488, possession of a controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(C). In exchange for the guilty pleas on the two counts, the State agreed to nolle prosequi outright the remaining counts of bills of information Number 40,484 and Number 40,488 and to recommend to the court that any sentences imposed on defendant run concurrently. After properly advising defendant of her legal rights, the trial judge accepted defendant's guilty pleas, ordered a pre-sentence investigation, and set a date for sentencing.
Defendant was sentenced on July 19, 1986. At the sentencing the court noted the fact that the defendant had two young children, a factor which would be considered mitigatory. The court then noted facts which would be considered aggravating: the fact that defendant had increased her drug trafficking activities between her conviction in 1984 and her arrest in 1985, the fact that defendant "graduated from marijuana to cocaine or other so-called hard drugs," that defendant, by her drug related activities, introduced another person to the "drug scene" who had been recently convicted of a first time drug offense; and that defendant had disregarded the court's prior admonishment for defendant to refrain from drug related activities.
Following the trial judge's discussion of factors concerning defendant's sentencing and an expression of remorse by defendant, the trial judge sentenced defendant to ten years at hard labor for the distribution of cocaine charge and three years at hard labor for the possession of cocaine charge, with the sentences to run concurrently, with credit for time the defendant had served in the parish jail on defendant's 1984 conviction and probation violation.
Defendant now appeals the sentences imposed on July 19, 1986 as being excessive.

ASSIGNMENT OF ERROR
The defendant assigns as error the trial judge's imposition of a sentence of ten years at hard labor on defendant as being excessive.
Defendant pleaded guilty to distribution of cocaine, a violation of La.R.S. 40:967(A)(1). Under La.R.S. 40:967(B)(1), a person convicted of distribution of cocaine "[s]hall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifteen thousand dollars". Defendant was sentenced to ten years at hard labor for this offense.
Defendant also pleaded guilty to possession of cocaine, a violation of La.R.S. 40:967(C). Under this statute, a person convicted for possession of cocaine "... shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars." Defendant was sentenced to three years at hard labor for this offense.
Defendant's sentence of ten years at hard labor on the distribution of cocaine charge and three years at hard labor on the possession of cocaine charge were ordered to run concurrently.
Article I, § 20 of the Constitution of the State of Louisiana prohibits imposition of excessive sentences, and the Louisiana jurisprudence has provided us with guidelines to aid in our determination of what constitutes an excessive sentence. A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La. 1980). In determining whether the sentence is grossly disproportionate to the severity of the offense, "[T]he court must consider `the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.' " State v. Morgan, 428 So.2d 1215, *1209 at page 1216 (La.App. 3 Cir.1983), writ den., 433 So.2d 166 (La.1983), citing State v. Bonanno, supra. A sentence can be excessive even if it is within the statutory limits of the penalty provided. See State v. Sepulvado, 367 So.2d 762 (La.1979). This court has a duty, in reviewing a claim of excessive sentence, to afford a trial judge wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by a trial judge should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Morgan, supra, and cases cited therein.
In addition to other sentencing requirements, La.C.Cr.P. Art. 894.1 sets forth criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. The purpose of this article is both to prevent possible excessive sentences and to guide the court in its sentencing tasks. State v. Vampran, 459 So.2d 1333 (La.App. 1 Cir.1984). The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article; however, the record must reflect that the court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So.2d 96 (La. 1983), citing State v. Gray, 404 So.2d 1215 (La.1981).
At defendant's July 19, 1986 sentencing, the trial judge discussed the various considerations he used in imposing sentence. He discussed defendant's prior illegal drug related activities which resulted in a plea bargain arrangement wherein defendant was allowed to plead guilty to two possession of marijuana charges in 1984. The trial judge also concluded that, if anything, the defendant's drug activities had "stepped up or accelerated," and that defendant had "graduated to dealing in cocaine." The trial judge also mentioned that certain officers involved in a drug investigation concerning defendant's husband, who is now serving time for drug related charges, were of the opinion that defendant was heavily involved in drug trafficking. The trial judge also mentioned as a mitigating factor in sentencing, that the defendant had two small children. The trial judge then stated that he was convinced that the defendant needed supervision "within the confines of the penal institution" and that defendant was "not a good candidate for probation. I'm convinced that if I were to place you on probation you would return to this illicit drug activity." In fact, the defendant's past conduct supported this observation.
Based on the trial judge's stated reasons for sentencing, we are convinced that the trial judge adequately complied with the sentencing provisions of La.C. Cr.P. Art. 894.1 in particularizing the sentence to the defendant. The trial judge did not commit manifest error in concluding that due to defendant's persistent drug related activity there was an undue risk that if a suspended or probationary sentence was imposed the defendant would return to drug related activities and that the defendant was in need of correctional treatment in a custodial environment which could best be provided by her commitment to an institution. It was proper for the trial court to consider not only criminal convictions but other criminal activity not leading to convictions at sentencing in order to establish defendant's repeated course of criminal conduct. State v. Brown, 410 So.2d 1043 (La.1982). The fact that defendant entered into a plea bargain by pleading guilty to some charges in exchange for having other charges dismissed was also a proper consideration in sentencing. State v. Lanclos, 419 So.2d 475 (La.1982).
We are convinced that the sentences imposed on the defendant were not excessive. Defendant was sentenced to serve a total of ten years at hard labor for the two offenses. Under the applicable statutes, she could have been sentenced to serve a total of thirty five years and fined a total of twenty thousand dollars. La.R.S. 40:967(B)(1); La.R.S. 40:967(C)(2). Due to the nature of the crimes for which defendant *1210 was sentenced and defendant's history of drug related activities, we cannot say that the penalty is so disproportionate as to shock our sense of justice. State v. Tedder, 471 So.2d 1176 (La.App. 3 Cir.1985). In light of the above we do not consider the actual sentences the defendant received as grossly disproportionate to the severity of the offenses committed, and the assignment of error is therefore without merit.
For these reasons the sentence is affirmed.
AFFIRMED.