505 So.2d 260 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Geraldine ASHWORTH, Defendant-Appellant.
No. CR87-44.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Writ Denied June 12, 1987.
*261 Richard A. Morton, DeRidder, for defendant-appellant.
William C. Pegues, Dist. Atty., DeRidder, for plaintiff-appellee.
Before FORET, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Defendant, Geraldine Ashworth, was charged with five counts of forgery. Pursuant to a plea bargain, the State reduced the forgery charges to one count of middle grade theft, i.e., theft of property having a value greater than $100 but less than $500, a violation of LSA-R.S. 14:67. The sentencing court imposed the maximum sentence of 2 years at hard labor. Defendant appeals, contending the trial court erred: (1) by imposing the maximum sentence which is excessive and amounts to cruel and unusual punishment; and, (2) in failing to comply with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1. We affirm.
The facts which gave rise to the forgery charges occurred between March 23, 1986, and May 5, 1986. During this period of time defendant signed her daughter's name to checks drawn on her daughter's account with City Savings Bank & Trust Co. of DeRidder. The checks were made payable to various area merchants and were returned by the bank because of insufficient funds.
Defendant contends the sentencing court did not properly consider the sentencing guidelines and imposed a constitutionally excessive sentence.
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance *262 contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for theft of property having a value of $100 but less than $500 is two years, with or without hard labor, and a $2000 fine. Defendant's sentence falls within the statutory limits. However, even a sentence which falls within the statutory limits may violate defendant's right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court's reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). As an additional factor, any plea bargain should be considered in determining whether a sentence is excessive. State v. Smack, 425 So.2d 737 (La.1983).
In brief, defendant argues:
"To require defendant to serve two (2) years in prison, over and above the six (6) months confinement previously ordered as a result of the misdemeanor worthless check charges, is pointless and needless imposition of pain and suffering upon the appellant and her family and which would serve no legitimate social or personal purpose."
Therefore, the basis for defendant's contention of excessiveness of sentence stems from defendant's six months sentence in the parish jail. Defendant has an extensive history of worthless check writing and forgery offenses. The record shows that she had a previous conviction for forgery and received a 5 year sentence sometime during the 1970's. When defendant was sentenced for the middle grade theft offense, she was also sentenced (the 6 months parish jail sentence) for a separate offense of a worthless check. The record shows that defendant pleaded guilty to the following offenses:
1. April 17, 19862 counts of misdemeanor worthless checks; sentenced to 91 days in jail, suspended, placed on probation and ordered to make restitution. NOTA BENE: the following day, April 18, 1986, defendant forged the first check that constituted one of the counts of forgery against her.
2. July 23, 19869 counts of misdemeanor worthless checks;
3. September 11, 19861 count of misdemeanor worthless check; the State dismissed the second count; and,
4. October 16, 19861 count of middle grade theft; State dismissed 5 counts of forgery.
The sentencing court gave thorough and conscientious reasons for sentence. Because defendant received the maximum sentence, we find it appropriate to recite its reasons herein, with which we are in accord:
"BY THE COURT:
All right, Geraldine Ashworth. All right, we're dealing with cases entitled State of Louisiana versus Geraldine Ashworth, and Ms. Ashworth is here to be sentenced on several charges.
First of all in some Misdemeanor Worthless Check cases that are numbered CR-146 through 149-86, and again in Number CR-310-86, a Misdemeanor Worthless Check charge, and in CR-306-86, which is a Mid-Grade Felony Theft.
Ms. Ashworth is accompanied here this afternoon by Mr. Richard Morton, her Court-appointed attorney.

*263 Ms. Ashworth, on July the 23rd, 1986, you were here in Court and you entered a plea of guilty to nine counts of Misdemeanor Checks. I believe there were four bills of information, but one of the bills covered five counts, and another bill covered two counts, and then there were two other bills that had one count each. So there were nine Misdemeanor Checks and you pled guilty to those.
And I postponed sentencing at that time thinking that I would only wait a short time before imposing sentence, but because of reasons which I'll mention in a few minutes, I did not sentence you as quickly as I had anticipated. Then on September the 11th, 1986 in Number CR-310-86, you entered a plea of guilty to a charge of Misdemeanor Worthless Check. There were actually two bills, and the second one, CR-311-86, was dismissed in the plea agreement.
And then finally on October the 16th, 1986, you appeared here and in a plea agreement with the District Attorney's Office, you entered a plea of guilty to a charge of Middle Grade Theft, which is a felony. You actually were charged in that case with five counts of Forgery, which are felony offenses, but in this plea agreement it wasthe bill was amended to charge you with a theft of an amount between one hundred and five hundred dollars.
And so you are here for sentencing on those various charges that I've gone over. I didn't order a full pre-sentence report on you at any time, but I did have the probation officer back in the summer do a report for me as to the status of various charges at that time, and that information was helpful to me in determining what had been done and when and how much money and so forth was involved in the various checks.
The extent of your check writing, Ms. Ashworth, is very extreme. Itthere's not a lot of cases that I have dealt with involving men or women where more checks were written locally in just sort of just a continuing, persistent effort.
And then, of course, you got involved in forgery, where you wrote your daughter's name on some checks. She had a checking account with a very small amount of money in it, and you proceeded to write checks and sign her name. And that led to the five Forgery counts. Forgery is a major felony, and carries up to ten years imprisonment with or without hard labor on one count of Forgery. So you were charged with five counts of Forgery. You could have been looking at up to fifty years if you were given the maximum on each count if you were convicted of it.
It's hard to understand why a lady would do what you've done. I think your lawyer has been concerned about that. He wrote me a letter in your behalf expressing, you know, concern, that he had difficulty understanding, we all do, why you would get out and write checks like this.
One of the really distressing things here to me here is that on April 17th, 1986, you were in this Court and you pled guilty to two counts of Worthless checks, and I gave you the standard, first-offender sentence for Worthless Checks of a misdemeanor status. I sentenced you to ninety-one days in jail. I suspended it, put you on probation, ordered you to make restitution, and to pay a fine. That was April 17th, 1986.
Well, lo and behold, when we get to checking on these Forgery checks, the checks that led to the Forgery charges, you had, the very day after you were in Court, on April 18th, one of those checks was written. The next day after that, April 19th one of those checks was written. And then the other two that were written after you were on probation were both written on May the 5th, 1986.
Now, what does that tell me, Ms. Ashworth? It tells me that what we went through here on April 17th, as far as you were concerned, was a farce, a charade, a nothing. It didn't mean anything to you, the fact that you could leave this Courtroom, go back out and the nextvery next day, not only write a worthless check, but in effect, a forged check. That's a very disturbing thing to someone in my position because it indicates to *264 me that you didn't have any concern about what had happened here or any respect for the law or the rights of other people.
They may have been acts of desperation on your part. I don't know. But desperation or not, I'm sure no one had a gun on you making you do what you did. And it was certainly a, I would say, a foolish thing that you did by going out of this Courtroom and just the next day and the day after that go into committing further criminal acts of even more serious nature.
Now, you're not a kid either. You're not an old lady either. You're thirty-six years old, ...
* * * * * *
Then when we got the record, it appeared that you had had a previous Forgery conviction in Calcasieu Parish back in 1976, ten years ago. Do you remember that?
* * * * * *
BY THE COURT:
You see, that, of course, is something I didn't have any idea on or about at the time I initially dealt with you on those first checks back in April, or I may have takentried to take some sterner measures with you then than I did.
You are deceptively easy to get along with, and you have somewhat of a disarming way about you, because you seem to be willing to confront what you've done, admit that you did something, plead guilty, and not too many ifs, buts, or ands about it.
And at first I was concerned about whether you really fully appreciated what kind of trouble you were in, but then when I realized you had actually had a prior felony conviction, I had to know that you knew more about it than I thought you did.
It's a bad situation. You have victimized a lot of people, Ms. Ashworth. And there's a price to pay for this kind of conduct, and with your prior felony conviction, you're not eligible for probation or suspension of sentence on the felony charge of Theft, and I have to say that in connection with the charges against you, you and your lawyer, I'm sure it was through the efforts of your lawyer with the District Attorney's Office, made a really good plea agreement for you, because by reducing those Forgery charges down and eliminating them and charging you with just one count of Middle Grade Felony Theft, your exposure, as far as being sentenced to the penitentiary, was lessened considerably. So that the maximum sentence you could get on the Felony Theft would be up to two years with or without hard labor, and/or a fine of up to two thousand dollars.
Of course, on each of the Misdemeanor Worthless Checks, you can get up to six months in the parish jail.
I think that it's clear that you're going to have to be incarcerated and primarily for two reasons. Number one, I think the Court owes it to the public to see that you are incarcerated for a reasonable period of time to prevent you from writing any more checks or forging any more checks. And for the second reason of trying to, some way or other, get your attention and deter you or keep you from doing this sort of thing again, Ms. Ashworth.
* * * * * *
Back in 1974, 1976, whatever led to your being charged with Forgery and your getting a Department of Corrections sentence at that time, that was ten or twelve years ago. Here we are dealing with it again.
I'm just saying that I'm not locking you up for the rest of your life, but you, when you get out, I would hope that you would make up your mind that you're never going to put your name on another check period, good or bad, because once a person sets into motion this business of writing checks, it's very easy to go from good checks to bad checks or even to forged checks, and you just don't need to fool with checks, Ms. Ashworth, because you've shown that you don't handle it in the way that you should under the law, and it has caused you trouble, and it's *265 caused every one of these people that took one of these checks trouble, because you know, the sky doesn't open up and the money that they're out fall into their cash registers or their pocketbooks or wallets. They're out the money that is represented by the checks that you gave them.
* * * * * *
So the Court is going to impose sentence on you at this time on all the outstanding charges. Please stand.
The sentence of the Court on you in Number CR-146 through 149-86, on nine Misdemeanor Worthless Check charges, is that you be sentenced to serve six months in the Beauregard Parish Jail on each of those counts, and in Number CR-310-86, which is a Misdemeanor Worthless Check sentence, is that you be confined in the Beauregard Parish Jail for a period of six months. All of these six months jail sentences are to run concurrently, and they are to be subject to credit for the time that you have served in jail up to this time.
In the Felony Theft case, CR-306-86, the sentence of the Court is that you be committed to the Louisiana Department of Corrections and confined at hard labor for a period of two years, subject to any commutation as may be allowed by law, and with credit for any time you might be entitled to on that charge.
The two year sentence to the Louisiana Department of Corrections is to run consecutive to the sentences that you have to serve on the Misdemeanor Worthless Checks in the Beauregard Parish Jail.
* * * * * *
I feel any lesser sentence than I'm imposing under the circumstances, Ms. Ashworth, would unduly depreciate [sic] the seriousness of what you have done. I feel that these sentences are necessary to protect the public against further violations by you, and I think also it's necessary to try to deter you from any future conduct of this kind when you are released from prison."
After a careful review, we find that the sentencing court followed the guidelines of C.Cr.P. Art. 894.1 and that the record fully supports the sentencing choice. It is clear that defendant showed a strong propensity for abusing check writing. Furthermore, by pleading guilty to middle grade theft defendant reduced her exposure to incarceration from a maximum of fifty years to two years. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence particularized to defendant and not so disproportionate to the crime committed as to shock our sense of justice. Therefore, we conclude that defendant's sentence is not constitutionally excessive.

DECREE
For the foregoing reasons, the sentence of defendant is affirmed.
AFFIRMED.