WILLIAM A. CULPEPPER, Judge Pro Tem.
The defendant, Twanna Dozier, pleaded guilty to conspiracy to commit aggravated arson and conspiracy to commit first degree murder pursuant to a plea bargain. Dozier was subsequently sentenced to seven years at hard labor and fifteen years at hard labor, respectively, to run concurrently with each other, but to run consecutively to a sentence she was already serving for theft and forgery. The defendant appeals and assigns as errors:
1. The trial judge failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 by failing to articulate his considerations for sentencing; and
2. The trial judge imposed an excessive sentence on the defendant.
FACTS
On May 1, 1986 the defendant and two coconspirators conspired to murder Ms. Brun, an undercover deputy with the Beauregard Parish Sheriff’s Department, to prevent her testifying against one of the coconspirators at his drug-related trial. They set fire to Ms. Brun’s trailer, but were frustrated in their plan to shoot her as she fled from the fire because she escaped to her neighbor’s house. The defendant claims to have been under the fo- *876 fluence of drugs during the commission of the crime.
ASSIGNMENT OP ERROR 1
The purpose of the LSA-C.Cr.P. art. 894.1 guidelines for the trial court to follow in sentencing is set forth in State v. Steele, 495 So.2d 373 (La.App. 3d Cir.1986):
“[5,6] The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado [367 So.2d 762 (La.1979)], supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly illuminates the sentencing choice, a reviewing court should not disturb the sentence. State v. Smith, 430 So.2d 31 (La.1983).”
Before imposing sentence the trial judge discussed a number of factors such as the presentencing investigation, the defendant’s age and education, the defendant’s criminal history, the defendant’s drug addiction, the fact that the defendant and her coconspirators actually did set fire to the victim’s home, the probability that the defendant instigated the conspiracy, the fact that the gun and vehicle used belonged to the defendant, the apparent need for the defendant to be in a correctional environment and the conclusion that a lesser sentence would deprecate the seriousness of the crimes committed. The trial judge noted he did not feel the defendant’s drug abuse to be a mitigating factor. He also gave the defendant an opportunity to refute any part of the presentencing investigation report and to offer any mitigating factors. We find this discussion satisfies the requirements of LSA-C.Cr.P. art. 894.-1. The trial court need not articulate every aggravating and mitigating circumstance, but the record must show the court adequately considered such guidelines in particularizing the sentence to the defendant. State v. Shea, 436 So.2d 642 (La.App. 3d Cir.1983), writ denied, 440 So.2d 736 (La.1983); State v. Davis, 448 So.2d 645 (La.1984).
The defendant contends there are mitigating factors: this is the first felony she has committed as an adult where any physical harm was threatened to the victim and her potential for rehabilitation. The defendant urges that the trial court failed to consider these factors. However, the articulated considerations of the trial court as to the defendant’s prior criminal history, the severe consequences her crimes could have had, and her need for a correctional environment sufficiently take these factors into account.
The trial court’s record clearly illuminates its considerations in sentencing the defendant.
ASSIGNMENT OF ERROR 2
The appellate standard for determining whether a sentence is unconstitutionally excessive was set forth by this court in State v. Shea, supra:
“[1,2] Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be excessive either by reason of its length or because the circumstances warranted a less onerous sentencing alternative. State v. Sepulvado, 367 So.2d 762 (La.1979). In determining whether a penalty is excessive, we are abjured to consider ‘the punishment and the crime in light of harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ State v. Bonanno, 384 So.2d 355, 358 (La.1980).
“[3-5] In our review we must give consideration to the sentencing guidelines codified in LSA-C.Cr.P. art. 894.1. These factors, which the sentencing judge must consider before sentence is imposed, allow the trial court to individu *877 alize the penalty and adapt it to the offender as well as the offense. The trial court need not articulate every aggravating and mitigating circumstance, but the record must reflect that the court adequately considered sentencing guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), and State v. McDonald, 414 So.2d 735 (La.1982). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
The defendant received fifteen years at hard labor for conspiracy to commit first degree murder. The maximum possible penalty for the crime is thirty years at hard labor. LSA-R.S. 14:26(B) and LSA-R.S. 14:30(A)(1). The defendant was also sentenced to serve seven years at hard labor for conspiracy to commit aggravated arson. The maximum possible penalty for this crime is ten years at hard labor. LSA-R.S. 14:26(C) and LSA-R.S. 14:51. Thus, since the sentences are to run concurrently, the defendant is actually sentenced to serve fifteen years at hard labor. Considering the circumstances of this case, the fact that the defendant instigated the conspiracies, the defendant’s history of criminal activity and the fact that the defendant could have been sentenced to forty years at hard labor, we cannot conclude the defendant’s sentences were disproportionate to the severity of her crimes.
The sentences imposed are neither a manifest abuse of the trial court’s discretion nor shocking to our sense of justice. Accordingly, the sentences are affirmed.
AFFIRMED.