520 So.2d 1044 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Craig SIMON, Defendant-Appellant.
No. CR 87-638.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Writ Denied April 4, 1988.
*1045 Eddie L. Stephens, Lake Charles, for defendant-appellant.
Wendell Miller, D. Keith Wall, Jennings, for plaintiff-appellee.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KING, Judge.
The sole issue presented by this appeal is whether or not the sentence imposed on the defendant for distribution of marijuana was excessive.
On January 15, 1987, Craig Simon (hereinafter defendant) was convicted of two counts of distribution of marijuana, a violation of LSA-R.S. 40:966(A)(1). On April 6, 1987, the defendant was sentenced to serve three years at hard labor on each count, with the sentences to run concurrently. Defendant timely appeals contending his sentence is excessive. We affirm.

FACTS
On February 27, 1986, the defendant sold two bags of marijuana and a pill to an undercover police officer. At this time, the defendant also agreed to later sell to the undercover agent, on March 2, 1986, one bag of cocaine and one bag of marijuana for $180.00. On March 2, 1986, defendant and the undercover agent met. At that time the undercover agent purchased from the defendant two bags of marijuana and one bag of a white powdery substance. Laboratory analysis disclosed no cocaine or controlled substance in the powder.
As a result of these two transactions, the defendant was indicted by the Grand Jury with two counts of distribution of marijuana and other criminal charges.
The defendant was arraigned on these two charges on August 18, 1986, and each charge was fixed for trial by jury on January 15, 1987. On January 15, 1987, the date set for trial, these two charges were ordered consolidated for trial by jury on a motion made by the State without objection of the defendant. These criminal matters remain consolidated on appeal and, since the law and relevant facts are common to both, our opinion here is equally applicable. However, we render a separate judgment in the consolidated criminal matter of State v. Simon, 520 So.2d 1047 (La.App. 3 Cir. 1985).
After the presentation of evidence at the trial, and after the defendant took the stand and denied he had made either sale, the jury returned a verdict of guilty as charged on each count. The court deferred sentencing and ordered a pre-sentence investigation and report.
On April 6, 1987, the defendant was sentenced to three years at hard labor on each of the two counts of distribution of marijuana, with each sentence to run concurrently. The court also recommended the defendant as a candidate for the intensive incarceration program.
An oral motion for an appeal was made in each of these criminal matters in Open Court and granted on the same day. We affirm the sentence in each of these criminal matters.

EXCESSIVE SENTENCE
The defendant asserts that the two concurrent three year sentences were excessive and violative of Article 1, § 20 of the Louisiana Constitution of 1974. Specifically, he argues that his sentences are excessive in view of the fact that he is a youthful, first felony offender, and a college student.
The defendant was found guilty on two counts of distribution of marijuana in violation of LSA-R.S. 40:966(A)(1). Under LSA-R.S. 40:966(B)(2), in effect at the time of commission of these crimes and the date of sentencing,[1] a person charged with distribution *1046 of marijuana shall, upon conviction, be sentenced to a term of imprisonment at hard labor for not more than ten years and/or to pay a fine of not more than $15,000.00. The maximum total sentence the defendant could have received was twenty years at hard labor and a $30,000.00 fine.
In State v. Ashworth, 505 So.2d 260 (La. App. 3 Cir.1987), writ den., 508 So.2d 68 (La.1987), this court recently articulated the appellate standard of determining whether a sentence is unconstitutionally excessive as follows:
"Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Ashworth, 505 So. 2d 260, at page 262 (La.App. 3 Cir.1987), writ den., 508 So.2d 68 (La.1987).
Although the sentencing court is given wide discretion, it does not possess unbridled discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
In order to protect a defendant against an excessive sentence, the Legislature has provided criteria, in La.C.Cr.P. Art. 894.1, to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. State v. Walton, 498 So.2d 1206 (La.App. 3 Cir. 1986). The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. The requirements of Art. 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So. 2d 96 (La.1983); State v. Ezernack, 496 So.2d 1317 (La.App. 3 Cir.1986).
At the sentencing hearing, the trial judge discussed the various considerations and factual basis for the sentence imposed on the defendant. He stated that he had taken into consideration, as mitigating factors, the defendant's youth, the fact that he was attending college, and that this was his first felony conviction. La.C.Cr.P. Art. 894.1B(7).
After summarizing the information favorable to the defendant, the trial judge stated that there were several aggravating factors contained in the pre-sentence investigation report which had to be taken into account in determining an appropriate sentence. The trial judge noted the defendant had denied the sales at trial and that the pre-sentence report showed the defendant still denied the sales. The trial judge stated that the presentence report also indicated the defendant had a reputation for being a known drug dealer and he had been the subject of a long on-going criminal investigation. The trial judge also noted that the defendant still had other drug related criminal charges pending. The trial judge also pointed out that he considered drug dealing a very serious crime and noted the defendant failed to provide any excuse or justification for his conduct. He summarized his reasons for a sentence of imprisonment as follows:
"The court has carefully weighed the mitigating and aggravating factors discussed above in light of the sentencing guidelines and due to the nature of the offenses, and your poor attitude, a probated sentence is not warranted. There is an undue risk that if you were granted probation due to your attitude you would commit another crime; you are in need *1047 of correctional treatment, and any lesser sentence than imprisonment would deprecate or take away from the seriousness of the offenses, not promote respect for the law and would not provide a just punishment for the offenses."
It is apparent from the record that the trial judge gave adequate consideration to the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1 in particularizing the sentence to the defendant. The trial judge did not commit manifest error in concluding that, due to defendant's prior drug related activity, there was an undue risk that if a suspended or probationary sentence was imposed, the defendant would return to drug related activities and that the defendant was in need of correctional treatment in a custodial environment. It was proper for the trial court to consider prior criminal activity, not leading to convictions, in order to ascertain whether a probationary or suspended sentence would be adequate to correct criminal behavior. State v. Brown, 410 So.2d 1043 (La.1982); State v. James, 447 So.2d 580 (La.App. 3 Cir.1984).
In light of the fact that the defendant could have been sentenced to serve a total of twenty years and fined $30,000.00, we are of the opinion that the sentences imposed on the defendant were not excessive. The sentences are not so grossly disproportionate to the severity of the offenses as to shock our sense of justice and there is no abuse of discretion on the part of the sentencing judge. We therefore conclude that the defendant's assignment of error is without merit.
For the foregoing reasons, defendant's sentence is affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] This penal statute was amended by Act 850 of the 1987 Regular Session of the Louisiana Legislature, effective on September 1, 1987, to provide for a term of imprisonment at hard labor of not less than five or more than thirty years and a fine of not more than fifteen thousand dollars.