525 So.2d 1076 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mike KLAUSE, Defendant-Appellant.
No. CR87-1002.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
Rehearing Denied June 9, 1988.
L.H. Coltharp, Jr., Richard A. Morton, DeRidder, for defendant-appellant.
William C. Pegues, III, Dist. Atty., DeRidder, for plaintiff-appellee.
Before FORET and DOUCET, JJ., and SWIFT,[*] J. Pro Tem.
G. WILLIAM SWIFT, Judge Pro Tem.
Defendant, Michael D. Klause, pled guilty to the crime of altering the serial number of a firearm, a violation of LSA-R.S. 40:1788(B). In exchange for this plea, the State dismissed a charge of possession of a firearm by a convicted felon. On July 16, 1987, Klause was sentenced to serve *1077 four years at hard labor and fined $500.00. In default of the payment of the fine and costs he is to serve six months in the parish jail. Defendant has timely appealed, contending the sentence is excessive and that the trial court failed to comply with the sentencing guidelines of La.C.Cr.P. Article 894.1. We affirm the conviction, but amend the sentence to delete that portion which imposes an additional six months for failure to pay the $500.00 fine and costs of court.
The defendant's voluntary statement to the police was that on the night of January 28, 1987, he and a friend decided after work to pick up some beer to drink while driving around DeRidder, Louisiana. They also got a .44 caliber Ruger Blackhawk pistol and some wooden clubs at defendant's house, and continued to ride around until the defendant "got pretty well drunk." Klause admitted that he shot at some street lights as he wanted his friend to hear how the gun sounded. He also admitted to threatening a couple of boys who passed by. The boys claimed a shot was fired after they started to run away, but defendant denied this. Klause said he had been given the gun by an acquaintance approximately three months before. He thought the gun might be stolen, so he altered its serial number to prevent its being traced back to the owner.
The defendant's conduct created such a disturbance the police were notified and defendant was arrested later that night.
When arraigned the court found the defendant to be indigent and appointed counsel for him. After accepting the defendant's plea of guilty to the charge of alteration of a serial number on a firearm and the dismissal by the State of the more serious charge of possession of a firearm by a convicted felon, the court deferred sentencing and ordered a presentence investigation and report. Later the trial judge imposed the sentence mentioned above.

FAILURE TO COMPLY WITH SENTENCING GUIDELINES
In one assignment of error, defendant contends the trial judge placed undue weight on his prior conviction for armed robbery and disregarded several mitigating factors in arriving at an excessive sentence. Specifically, he contends that the court failed to consider that his conduct threatened no harm to anyone, that the circumstances are unlikely to recur, that he was recently married, that he had a drinking problem and committed crimes only when he was intoxicated, and that he has now quit drinking altogether.
The Legislature has provided criteria in La.C.Cr.P. Art. 894.1 to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. State v. Walton, 498 So.2d 1206 (La.App. 3 Cir.1986). The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. Its requirements are fulfilled when the record affirmatively shows that the trial judge considered the statutory guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So.2d 96 (La.1983); State v. Ezernack, 496 So.2d 1317 (La.App. 3 Cir. 1986).
At the sentencing hearing the trial judge discussed the various considerations and factual basis for the sentence imposed on the defendant. He stated that defendant was twenty-two, had a ninth grade education, and was married. He also mentioned a letter he had received from Klause indicating he wanted to be a responsible citizen and had stopped drinking whiskey.
After summarizing the information favorable to the defendant, the trial judge stated that there were several aggravating factors which made defendant's offense very serious. He noted defendant had been previously convicted of armed robbery and that other past difficulties with the law illustrated he had no respect for the law. The judge stated that a lesser sentence would deprecate from the seriousness of defendant's crime and that, given the failure of a prior probationary sentence, an *1078 extensive period of incarceration would have more of a rehabilitative effect.
During sentencing, the judge remarked that since this was defendant's second felony conviction he was not eligible for a suspended sentence or probation under C.Cr.P. Art. 893. Defendant contends that the judge read this article to mean any defendant with a prior felony conviction must be sentenced to the maximum, or nearly the maximum, sentence authorized by law. From our review of the record we find no evidence to support this contention.
It is apparent that the trial judge gave adequate consideration to the sentencing guidelines set forth in C.Cr.P. Art. 894.1 in particularizing the sentence to this defendant. Therefore, we find this assignment of error to be without merit.

EXCESSIVE SENTENCE
In the next assignment of error defendant contends that his four year sentence, and $500.00 fine, with six months additional jail time if he defaults on the fine, is excessive and violates Article I, § 20 of our Louisiana Constitution.
Under LSA-R.S. 40:1788(B) and LSA-R.S. 40:1791 the defendant could have been sentenced to five years in jail and fined up to $2,000.00. The four year sentence imposed on the defendant is therefore within the statutory limits for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant's right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
The appellate standard of determining whether a sentence is unconstitutionally excessive has been recently articulated by this court in State v. Ashworth, 505 So.2d 260, 262 (La.App. 3 Cir.1987), writ den., 508 So.2d 68 (La.1987) as follows:
"Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)."
The defendant asserts that by imposing a four year sentence when the maximum is five years, the judge is punishing him for past acts of misconduct and other crimes arising out of this incident for which he has not been convicted. He also complains of the judge's comment at sentencing that the defendant had made a favorable plea agreement with the State.
A trial court may consider a plea bargain by a defendant, State v. Lanclos, 419 So.2d 475 (La.1982), and may also consider criminal activity not leading to a conviction, State v. Brown, 410 So.2d 1043 (La.1982). Therefore, it was not improper for the trial judge to consider all the circumstances surrounding defendant's offense in imposing sentence.
Like the trial judge, we do not consider the sentence in this case to be excessive under the circumstances. Certainly, we do not find the sentence so grossly disproportionate to the severity of the offense as to shock our sense of justice. We, therefore, conclude that this assignment of error also is without merit.
We do believe, however, that under recent jurisprudence that part of the sentence imposing a fine of $500.00, plus court costs, or in default of payment to serve an additional six months in jail, is illegal and must be considered by us in accordance with La.C.Cr.P. Art. 920(2).
La.C.Cr.P. Art. 884 requires the court to impose additional imprisonment for default of payment of a fine or costs. No exception to this rule is provided for indigent defendants. However, it is well settled that in the case of an indigent defendant it is impermissible to impose a prison sentence in lieu of a fine that would result in the defendant's serving a longer term than the statutory maximum for the offense.
*1079 Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978), U.S. cert denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979); State v. Perry, 472 So.2d 344 (La.App. 3 Cir.1985).
While the issue before us (i.e. where the statutory maximum is not exceeded by the prison sentence and the time to be served if the fine is not paid) has never been discussed at length by the Louisiana Supreme Court, it has recently granted writs of review in numerous cases where indigent defendants appealed sentences which included a fine and/or costs and, in default of payment, imposed an additional term of imprisonment. State v. Grant, 490 So.2d 272 (La.1986). See State v. Barlow, 488 So.2d 180 (La.1986); State v. Bartie, 488 So.2d 180 (La.1986); State v. Pinkney, 488 So.2d 682 (La.1986); State v. Williams, 484 So.2d 662 (La.1986); State v. Garrett, 484 So.2d 662 (La.1986). In each decision the court summarily affirmed the convictions but amended the sentences to delete that portion which imposed additional imprisonment in default of payment of a fine or costs and cited Williams v. Illinois, supra; Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971); Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) to support their holding.
Even before these Louisiana Supreme Court decisions, this court has held that a judge cannot impose a fine as a sentence and then automatically convert it into a term of imprisonment solely because the defendant is indigent and cannot pay the fine. See State v. White, 476 So.2d 1162 (La.App. 3 Cir.1985); State v. LaGrange, 471 So.2d 1186 (La.App. 3 Cir.1985). This line of reasoning was adhered to by this court most recently in State v. Davis, 514 So.2d 517 (La.App. 3 Cir.1987), and State v. LeBlanc, 517 So.2d 951 (La.App. 3 Cir. 1987).
Three other courts of appeal in this state have done the same. See State v. Roye, 501 So.2d 916 (La.App. 2 Cir.1987); State v. Bohanna, 491 So.2d 756 (La.App. 1 Cir. 1986); State v. Williams, 489 So.2d 286 (La.App. 4 Cir.1986).
In this case the defendant was indigent at arraignment and was represented by court appointed counsel at sentencing and in this appeal. It is rather obvious that after he serves the four year penitentiary sentence he will still be indigent and unable to pay the $500.00 fine and must then serve the additional six months in the parish jail. Accordingly, we will amend defendant's sentence to delete that portion which imposes a term of imprisonment in default of payment of the fine.
For the reasons assigned, the defendant's conviction and sentence are affirmed except the sentence is amended to delete that portion which imposes an additional six months imprisonment in the parish jail in default of payment of the $500.00 fine.
CONVICTION AFFIRMED; SENTENCE AMENDED; AFFIRMED AS AMENDED.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.