KING, Judge.
The issue presented by this appeal is whether or not the trial court imposed an excessive sentence upon the defendant.
James Ronald Townley, Jr. (hereinafter defendant) was charged by the State with one count of simple escape, in violation of La.R.S. 14:110(A)(1). Defendant pled not guilty to the charge, was tried and convicted by a six member jury. After conviction, the State filed a bill of information charging defendant as a habitual offender and sought to have him sentenced as a third offender, pursuant to La.R.S. 15:529.1. After a sentencing hearing, the defendant was found to be a third-time habitual offender and was sentenced to serve a term of five years at hard labor on the felony charge of simple escape. This sentence was ordered to run consecutively to the sentences which defendant is presently serving. Defendant appeals, contending that the trial court erred in imposing an excessive sentence. We affirm.
FACTS
While awaiting trial on criminal charges, defendant escaped from the Calcasieu Parish Rehabilitation Center in Lake Charles, Louisiana by scaling a six to eight foot high chain link fence. Defendant was charged with the felony of simple escape, in violation of La.R.S. 14:110(A)(1). Defendant pled not guilty to the charge and was tried and convicted by a six member jury. Thereafter, the State filed a bill of information charging defendant as a habitual offender and seeking to have the defendant sentenced as a third offender. Evidence was introduced at the sentencing hearing which proved the defendant’s prior felony convictions.[1] After the hearing, the trial court sentenced the defendant to serve five years at hard labor on the charge of simple escape. The court noted that the defendant had been previously tried before the court and was being sentenced as a third habitual offender.
LAW
For a sentence to be constitutionally excessive, the penalty must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Simon, 520 So.2d 1044 (La.App. 3 Cir.1987), writ den., 521 So.2d 1184 (La. 1988); State v. Ashworth, 505 So.2d 260 (La.App. 3 Cir.1987), writ den., 508 So.2d 68 (La.1987). Although the sentencing court *316 is given considerable discretion, it does not possess unbridled discretion to impose a sentence within statutory limits, regardless of mitigating facts. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Simon, supra.
Defendant was charged as a habitual offender under the habitual offender law, La.R.S. 15:529.1. This law provides in pertinent part:
“A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * * ⅞ * # *
(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction;”
Defendant was convicted of the felony of simple escape, a violation of La.R.S. 14:110(A)(1). This statute provides for a sentence of not less than two years and not more than five years of imprisonment, with or without hard labor, and cannot run concurrently with any other sentence. La.R.S. 14:110(B)(3). Therefore, the defendant could have been sentenced to serve five years at hard labor for his crime even without the enhancement provision of the habitual offender statute.
The trial court considered the possible sentencing choices under La.R.S. 529.1, as demonstrated by the following comments made at the time of sentencing:
“THE COURT: Your conviction today is for simple escape. The ordinary sentence for that is two to five, consecutive. Under the habitual format, I’m constrained to sentence you to at least a period of not less than one-half of the longest, which would be two and a half years, nor more than twice the longest, which would be ten years. And I feel five years is what you need and that’s what I’ll sentence you to serve five years with the Department of Corrections, at hard labor, consecutive to any and all sentences you are now under.”
Defendant contends that the sentence imposed is excessive. We disagree. Considering the fact that the habitual offender statute would permit the imposition of a maximum of ten years for this conviction, the defendant’s sentence is quite lenient. The sentence is not so grossly disproportionate to the severity of the offense, considering the defendant’s prior felony convictions, as to shock our sense of justice. For these reasons, we affirm the sentence of the trial court.
AFFIRMED.
DOMENGEAUX, J., concurs.

. The first group of felony convictions were on May 11, 1984 and were for three counts of simple burglary, a violation of La.R.S. 14:62, and for one count of simple burglary of a pharmacy, a violation of La.R.S. 14:62.1. The second group of felony convictions occurred on March 9, 1988 and consisted of one count of simple burglary and one count of simple criminal damage to property valued over $500.00, a violation of La.R.S. 14:56.