549 So.2d 938 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Clinton SOLOMON, Defendant-Appellant.
No. CR 89-337.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
Edward J. Marquet, Lafayette, for defendant-appellant.
*939 Donald Landry, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and KING, JJ.
KING, Judge.
There are two issues presented by this appeal. The first issue is whether the sentence imposed on the defendant for purse snatching is excessive and the second issue is whether the sentence is illegal.
On November 15, 1988, Clinton Solomon (hereinafter defendant) withdrew his previously entered plea of not guilty and entered a plea of guilty to purse snatching, a violation of La.R.S. 14:65.1. At a sentencing hearing held on January 31, 1989, the defendant was sentenced to serve five years in the parish jail. One year of the five year sentence was ordered suspended and defendant was placed on unsupervised probation for one year. As a special condition of his probation, defendant was ordered to make restitution of $250.00 to the victim during his one year probation. Defendant timely appeals contending his sentence was excessive. We affirm the conviction, but vacate, reverse, and set aside the sentence as illegal, and remand the matter to the trial court for resentencing.

FACTS
On March 18, 1988, Oralia Garcia and her eight year old son walked from their car to the Canal Villere store located at 200 West Willow Street in Lafayette, Louisiana. As she approached the entrance to the store she noticed two black males standing near the entrance. One of the men approached her and snatched her purse from her shoulder as she was about to enter the store. The men then both fled on foot and were not apprehended at that time.
The victim was six months pregnant at the time of this offense and, although she was not physically injured (except for a small cut on her finger), she stated that she was emotionally injured. She stated that since this incident she is afraid to leave her house and go to public places.
Store security personnel notified the Lafayette Police who conducted an investigation concerning this crime. During the course of the investigation, the defendant was named as the perpetrator by several other males that had been involved. Statements were obtained from these men and defendant was arrested and charged. The defendant was arraigned, pled not guilty, and the case was set for trial.
On the day this case was set for trial, defendant withdrew his previously entered not guilty plea, and pled guilty to the offense of purse snatching after being advised by the trial court of all of his constitutional rights that would be waived by his guilty plea. The trial judge ordered a pre-sentence investigation report which was made with a copy being furnished to defendant's counsel, before the sentencing hearing.
On January 31, 1989, the defendant was sentenced to serve five years without hard labor in the parish jail, with one year of the sentence being suspended and defendant being placed on unsupervised probation for that year. As a condition of the suspension of one year of the sentence, defendant was ordered to make restitution of $250.00 to the victim. Defendant timely appealed his sentence alleging that his sentence was excessive.

EXCESSIVE SENTENCE
The defendant contends in his only assignment of error that the sentence was excessive and in violation of Article I, § 20 of the Louisiana Constitution of 1974. Specifically, defendant argues that his sentence is excessive in light of his youthfulness, the fact that he did not intend to harm the victim, and because of evidence which indicates that he may have been provoked or "goaded" into committing the offense by others. Additionally, defendant argues that he has no prior felony record, although the pre-sentence investigation report does indicate that he has a juvenile record.
The defendant pled guilty to purse snatching, a violation of La.R.S. 14:65.1. Under La.R.S. 14:65.1, whoever commits *940 the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.
In State v. Ashworth, 505 So.2d 260 (La. App. 3 Cir.1987), writ den., 508 So.2d 68 (La.1987), this court articulated the appellate standard in determining whether a sentence is unconstitutionally excessive. There we said:
"Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)." State v. Ashworth, 505 So.2d 260 at page 262 (La.App. 3 Cir. 1987), writ den., 508 So.2d 68 (La.1987).
See also, State v. Simon, 520 So.2d 1044 (La.App. 3 Cir.1987), writ den., 521 So.2d 1184 (La.1988).
Although the sentencing court is given wide discretion, it does not possess unbridled discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
In order to protect a defendant against an excessive sentence, the Legislature has provided criteria, in La.C.Cr.P. Art. 894.1, to aid a sentencing court in determining whether sentence of imprisonment should be imposed or whether suspension of a sentence or probation is warranted. State v. Walton, 498 So.2d 1206 (La. App. 3 Cir.1986). The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. The requirements of Art. 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So.2d 96 (La.1983); State v. Ezernack, 496 So.2d 1317 (La.App. 3 Cir. 1986).
At the sentencing hearing, the trial court first asked the defendant's attorney whether he had anything to present. In response, counsel noted that they had reviewed the pre-sentence investigation report; pointed out defendant's youthfulness; and noted that there were no physical injuries involved. Further, the record reflects that the defendant was allowed to make a statement to the court. The defendant stated that he would like to get another chance and that he did not mean to hurt anyone.
The trial court then proceeded to give a thorough explanation of its considerations, and the facts on which they were based, before imposing sentence. The things considered by the court in determining the sentence included the facts that:
(1) Defendant's criminal conduct did not apparently cause any serious physical harm to the victim, but that there was evidence that emotional harm was caused;
(2) In some aspects the offense was a violent crime;
(3) The court did not find that the defendant contemplated that his conduct would cause serious harm;
(4) Although the defendant did not act under provocation, there was evidence in the pre-sentence investigation report that he may have been "goaded" by others into committing the crime;
(5) There were no substantial grounds tending to excuse or justify the defendant's criminal conduct, other than the possible "goading" and his youth;
(6) Defendant had just become 17 years old at the time of the offense;
(7) There was no indication that the victim induced or facilitated the commission of the crime;
(8) There was no indication from the record that the defendant had compensated or intended to compensate the victim for *941 the damage or injury she sustained. However, upon consulting with counsel, the court noted it was informed that the defendant would be willing to make restitution;
(9) The defendant had no prior adult criminal record although he did have a history of prior juvenile delinquency;
(10) There was no indication whether the defendant's conduct was a result of circumstances that are likely or unlikely to recur;
(11) The defendant indicated that he would like another chance and his attitude appeared good, but that it was not easy to determine whether his attitude indicated that he was unlikely to commit another crime;
(12) There was no evidence that imprisonment of the defendant would entail excessive hardship to himself or any dependents; and
(13) There was some indication in the pre-sentence investigation report that the defendant met the guidelines for the Impact program but there was a problem in that he may not have a place to reside if he were given the opportunity to participate in the program.
After articulating the facts it considered, the trial court then imposed the sentence now complained of.
It is apparent from the record that the trial judge gave adequate consideration to the sentencing guidelines set forth in La.C. Cr.P. Art. 894.1. The sentence imposed is in the lower range of possible sentences and not apparently severe. The sentence is not so grossly disproportionate to the severity of the offense as to shock our sense of justice. We therefore conclude that the defendant's assignment of error is without merit.

ILLEGAL SENTENCE
We note from our review of the record an error patent on the face of the record. The sentence the trial judge imposed is in violation of La.C.Cr.P. Article 893 and is, therefore, illegal. La.C.Cr.P. Art. 893 reads, in pertinent part:
"A. When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentence, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole ... The period of probation shall be specified and shall not be less than one year nor more than five years." (Emphasis added.)
The crime of purse snatching is a felony. La.R.S. 14:65.1. La.C.Cr.P. Art. 893(A) requires that in noncapital felony cases, probation must be under the supervision of the division of probation and parole with conditions such as those listed in La.C.Cr.P. Art. 895(A). For this reason, the part of defendant's sentence which ordered one year of unsupervised probation is violative of this statute.
For these reasons, the sentence imposed by the trial judge is illegal and it is hereby vacated, reversed, and set aside. The case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCE REVERSED AND SET ASIDE; CASE REMANDED FOR RESENTENCING.
DOMENGEAUX, J., concurs. *942 UNPUBLISHED MATERIAL *943 UNPUBLISHED MATERIAL