606 So.2d 49 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Danny PHILLIPS, Defendant-Appellant.
No. CR 92-415.
Court of Appeal of Louisiana, Third Circuit.
September 30, 1992.
Louis Vogt, Vidalia, for defendant-appellant.
John F. Johnson, Dist. Atty., Vidalia, for plaintiff-appellee.
Before DOMENGEAUX, Chief Judge, and KNOLL, J., and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
Danny Phillips was charged with indecent behavior with a juvenile in violation of La.R.S. 14:81. Following the entry of a plea of nolo contendre he was sentenced to *50 seven years imprisonment at hard labor plus court costs. Two years of the sentence were suspended and he was ordered placed on probation with supervision for five years.
The victim was an eleven year old girl suffering from brain cancer, with attendant problems.
The sentencing range for indecent behavior with a juvenile is imprisonment with or without hard labor for not more than seven years or a fine of not more than five thousand dollars, or both.
In imposing sentence the trial judge stated that he had reviewed a presentence report and reviewed the defendant's lengthy criminal record. He found this to be a particularly heinous offense without cause or justification. He felt there was undue risk that the defendant would commit another crime if placed on probation or if his sentence was suspended and that a lesser sentence would deprecate the seriousness of the crime. The child was psychologically injured and having problems because of the actions by defendant. The presentence report reveals the defendant is a fourth felony offender.
The record reveals that the trial judge carefully considered the sentencing guidelines. La.C.Cr.P. art. 894.1. The sentence is not so grossly disproportionate to the severity of the offense as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981). We hold that the sentence imposed was not excessive.
Although not raised on appeal, we learn from examining the record that appellant had prior felony convictions. Thus he was not eligible for suspension of any portion of his sentence. La.C.Cr.P. art. 893. Therefore the sentence imposed was illegally lenient. However this issue was not raised by the State so the matter will not be remanded for resentencing. State v. Fraser, 484 So.2d 122 (La.1986).
We are aware that in an earlier opinion [State v. Solomon, 549 So.2d 938 (La. App.3d Cir.1989)] the case was remanded for correction of an illegally lenient sentence. No writ application was made to the Supreme Court in Solomon. In that case the illegal portion of the sentence provided for "unsupervised" probation whereas "supervised" probation was required by the statute. No jail time was involved. The Supreme Court in Fraser stated that "there is no codal or statutory authority for an appellate court to search the record for patent sentencing errors to the detriment of the only party who sought review by the appellate court." In the present case, although the defendant appealed his sentence, he did so on grounds of excessiveness only. The illegal portion of the sentence is favorable to the defendant. We find that Fraser is controlling.
Further it offends a sense of "fairness" to subject the defendant to the possibility of a harsher sentence when the state has not complained of the sentence. Such action would have a chilling effect on the right of a defendant to seek appellate review.
The conviction and sentence will be affirmed.
AFFIRMED.
DOMENGEAUX, J., dissents and issues reasons.
DOMENGEAUX, Chief Judge, dissenting.
I respectfully dissent, being of the opinion that this court should remand the case for correction of the defendant's illegal sentence.
Due to his previous felony convictions, the defendant was ineligible for a suspension of any portion of his sentence; nonetheless, the trial court sentenced him to serve seven years with two years suspended. On appeal, the defendant argues this sentence is excessive.
In State v. Fraser, 484 So.2d 122 (La. 1986), the Supreme Court held that there is no codal authority for an appellate court to search the record for patent sentencing errors to the detriment of the only party seeking appellate review. However, in the instant case, the defendant specifically asked us to review his sentence by assigning its excessiveness as an error. The sentencing *51 error was not discovered in an errors patent review, but rather, was brought to our attention in our review of the sentence as requested by the defendant. See State v. Solomon, 549 So.2d 938 (La.App. 3d Cir.1989), where we remanded for correction of an "illegally lenient" sentence, even though the State did not object to the sentence on appeal. The defendant in Solomon also argued that his sentence was excessive. Under the authority of Solomon, I would order a remand for the correction of the defendant's illegal sentence.
The majority opinion runs astray of Solomon, resulting in different conclusions in our circuit.
I respectfully dissent.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.