627 So.2d 192 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jeffery W. BROWN, Defendant-Appellant.
No. CR 93-636.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1993.
*194 Edwin Louis Cabra, Leesville, for the State of La.
Elvin Clemence Fontenot, Jr., Leesville, for Jeffery W. Brown.
Before DOMENGEAUX, C.J., and LABORDE and COOKS, JJ.
COOKS, Judge.
Jeffery W. Brown was charged by grand jury indictment with eleven (11) counts of forcible rape in violation of La.R.S. 14:42.1. Each count alleged separate acts of forcible rape occurring monthly from March, 1991 to December 1991, with two separate acts occurring in the month of December. On October 14, 1992, Brown was convicted by a unanimous jury on counts one (1), two (2), ten (10), and eleven (11). Subsequent to the conviction, defendant filed a Motion for New Trial which was denied. Defendant also filed a Motion for Post Verdict Judgment of Acquittal alleging the evidence was insufficient to support a conviction of forcible rape on any count contained in the grand jury indictment. On April 1, 1993, the trial court partially granted defendant's Motion for Post Verdict Judgment of Acquittal reducing defendant's conviction on counts one (1), ten (10), and eleven (11) to sexual battery in violation of La.R.S. 14:43.1. On this same date, defendant was sentenced to serve fifteen (15) years at hard labor for the remaining count two (2) conviction of forcible rape and five (5) years on each of the reduced counts. All sentences were to run consecutive. Defendant filed a Motion To Reconsider Sentence which was subsequently denied. On appeal, defendant assigns three (3) errors for our review. Because we find the record does not establish sufficient evidence to support a conviction of sexual battery as to counts ten (10) and eleven (11), we affirm in part and reverse in part.

FACTS
In mid-January of 1992, thirteen (13) year old Sabrina Kubinski scribbled on a note to her friend that she had been raped by her father. This information was relayed by a student to a teacher who subsequently informed the Child Protection Division of the Office of Child Services. It was later determined the child was referring to her mother's husband, Jeffery W. Brown, who was not the child's natural father. Eventually, the child was taken to Dr. Thomas E. Griffin, a pediatrician, for examination. Dr. Griffin confirmed the child was sexually active and compared her to "a sexually active young woman or a married woman that had not had children yet."
At trial, Sabrina was able to accurately recall and describe the sexual acts occurring *195 in March of 1991 and April of 1991. On these occasions, Sabrina stated Jeffery Brown played a game with her which ultimately resulted in Brown removing her underwear and "putting his penis into her vagina." She also remembered he gave her a choice of "getting whipped or [laying] on the bed." Sabrina's memory was not as "sharp" when she attempted to recall the frequency of the sexual intrusions on her person in the succeeding months. With greater hesitancy and less certainty, she said the "sexual violations" were repeated weekly or monthly; and at one point, she specifically stated defendant did not engage in any sexual act with her when questioned as to each month between May and December by defense counsel. Regarding counts ten (10) and eleven (11) which allegedly occurred during the month of December, Sabrina was equally vague in recalling the alleged sexual contacts and she was not responsive on several questions. Because of her age and admitted learning disability, Sabrina was not questioned extensively or at length about any particular time frame or the details surrounding the acts allegedly occurring from month to month. However, the record clearly reveals Sabrina had no solid recollection of when or if these sexual acts occurred after the month of April, 1991.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment, defendant argues the trial court erred in denying his motion for a new trial based on two (2) grounds contained in paragraphs (1) and (5) of La. C.Cr.P. art. 851 which states:
"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
* * * * * *
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
Denying defendant's motion, the trial court briefly stated:
"This court is of the opinion that there was sufficient evidence for the jury to find a verdict of guilty either of the offense charged or, as hereinafter explained, of a lesser offense. Therefore, the motion for new trial is denied."
Defendant simply urges the trial court did not sufficiently state, in its reasons for ruling, what standard it employed in evaluating the evidence. We said in State v. Landry, 524 So.2d 1261 (La.App. 3 Cir.1988) "when a motion for new trial is based on paragraph (1) of [La.C.Cr.P. article 851], the trial judge is required to determine the merits of the motion under the `thirteenth juror' standard of reweighing the evidence, as outlined in Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)," as opposed to the "sufficiency of the evidence" standard articulated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The trial judge, in this case, specifically cited State v. Landry, supra, and mentioned the 13th person standard in his written reasons for denying defendant's motion. Traditionally, this court has given great weight to the trial court's denials of new trial motions. State v. Sanford, 465 So.2d 4 (La.App. 3d Cir.1984). Moreover, La.C.Cr.P. article 858 provides:
"Neither the appellate nor supervisory jurisdiction of the Supreme Court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."
As mentioned, the trial judge's reference to the "thirteenth" juror" standard indicates he applied the proper standard in reviewing defendant's motion for new trial.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment defendant contends the trial court erred in partially denying his second motion for Post Verdict Judgment of Acquittal. In this motion, defendant urges insufficient evidence existed to establish his guilt of forcible rape or the lesser included *196 offenses of sexual battery beyond a reasonable doubt. The trial judge found the evidence supported the forcible rape conviction. However, he found the evidence supported only convictions of the lesser included offenses of sexual battery responsive to the rape charges contained in counts one (1), ten (10) and eleven (11).
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses; and, therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
The State must prove the elements of the crime of forcible rape beyond a reasonable doubt on each count contained in the indictment. La.R.S. 14:42.1 defines the offense of forcible rape as:
"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape."
First, defendant argues insufficient evidence was presented to prove beyond a reasonable doubt that the victim was prevented from resisting the act by force or threat of physical violence. The victim testified she was threatened with "a whipping" if she did not lay on the bed and succumb to defendant's sexually deviant behavior. Additionally, the victim stated she was threatened every time a rape occurred. In his written reasons, the trial judge found this testimony credible enough to support a conviction of forcible rape on count two (2). Count two (2) occurred between April 1, 1991 and April 30, 1991. Regarding the required proof of intercourse, the victim stated the defendant "moved my underwear and he moved his underwear and put his penis into my vagina." As to the specific incident occurring in April, 1991, Sabrina remembered defendant had a belt and penetrated her but she did not recall the details of the event. This court has stated the testimony of a victim in a rape case alone is sufficient to prove the elements of the offense of forcible rape, including penetration. State v. Doremus, 571 So.2d 831 (La.App. 3d Cir.1990). See also State v. Wright, 598 So.2d 561 (La.App. 4th Cir.1992). The question of a witnesses' credibility is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). Applying the Jackson standard, the trial court properly denied defendant's motion for post-verdict judgment of acquittal on the forcible rape conviction.
Defendant also contends the trial court erred in finding sufficient evidence existed to convict him of the lesser included offenses of sexual battery on counts one (1), ten (10) and eleven (11). The bill of information charged count one (1) occurred during the month of March, 1991; count ten (10) occurred between December 1, 1991 and December 25, 1991, and count eleven (11) occurred between December 26, 1991 and December 31, 1991. At the time of these alleged offenses, La.R.S. 14:43.1 provided:
"A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any *197 instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality of any part of the body of the victim.
B. Lack of knowledge of the victim's age shall not be a defense. However, where the victim is under seventeen, normal medical treatment or normal sanitary care of an infant shall not be construed as an offense under the provisions of this Section.
C. Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, for not more than ten years."
In brief, defendant argues the victim lacked credibility and "the evidence fails to establish beyond a reasonable doubt that any of the events described by her did indeed and in fact occur." He further urges absolutely no evidence was presented positively establishing he committed any act of touching the "anus or genitals" of the victim. Dr. Griffin's examination showed conclusively Sabrina was sexually active. Sabrina testified the defendant, in March 1991, removed her underwear to place his penis in her vagina. She admitted, however, defendant did not threaten her until after completing the March act of intercourse. Thus, the trial judge reduced count one (1) to "sexual battery," the lesser included offense, finding the evidence did not sufficiently establish defendant, at this time, "forced or threatened" the victim with physical violence. To establish the final element of the offense, namely the age of the victim, a judge is permitted to take notice of defendant's physical appearance and that of the victim in determining whether he was more than three years older than the victim. State v. Zihlavsky, 505 So.2d 761 (La.App.2d Cir.), writ denied, 511 So.2d 1152 (La.1987). Further, Sabrina testified she was born on April 14, 1978. She was only thirteen (13) years of age at the time of the offenses. Defendant was noticeably much older; and many years her senior.
Counts ten (10) and eleven (11) refer to two (2) sexual acts allegedly occurring in the month of December, 1991. The victim's testimony is extremely inconsistent and unclear regarding the "happening" of these acts. As noted, she denied the occurrence of any incidents after May when specifically questioned regarding such acts during each succeeding month by defense counsel. At one point, she remembered an incident after Christmas; but she later recanted this testimony by saying she could not remember the incident. Her vague, inconsistent testimony (at intervals completely denying any sexual acts occurred after May) was insufficient to convict defendant of the lesser included offenses of sexual battery on counts ten (10) and eleven (11) applying the Jackson standard. No reasonable factfinder could conclude the State prove each element of crime beyond a reasonable doubt to convict defendant of the lesser offense of sexual battery on these counts.

ASSIGNMENT OF ERROR NUMBER 3
By this assignment defendant contends the trial court erred in denying his motion to reconsider his sentence on the grounds that the sentences imposed were excessive. On April 1, 1993, defendant was sentenced to fifteen (15) years at hard labor for the forcible rape conviction and five (5) years on each count for sexual battery. The sentences were consecutively imposed. Defendant argues the trial court deviated from the sentencing guidelines without justification.
In State v. Sepulvado, 367 So.2d 762 (La. 1979), the Supreme Court determined Art. 1, § 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. In Sepulvado, supra, the court found the statutory criteria set forth in old La.C.Cr.P. art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
The jurisprudence clearly indicates to constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or the sentence *198 makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits is not excessive absent manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La. 1982).
The penalty provision for conviction of forcible rape allows imposition of a sentence at hard labor for not less than five nor more than forty years. At least two years of the sentence must be served without benefit of parole, probation or suspension of sentence. La.R.S. 14:42.1. For a conviction of sexual battery, a sentence may be imposed with or without hard labor for not more than ten years. La.R.S. 14;43.1.
Using the new sentencing guidelines as an aid in determining the excessiveness of the sentences imposed, we have determined that the seriousness level for the crime of forcible rape is grid level "1." La.S.G. § 401(b). Regarding sexual battery, however, the guidelines differentiate between one committed by compulsion of fear of bodily harm (Type I) and one committed when the victim is under fifteen years of age (Type II). La.S.G. § 401(A). For a Type I conviction, the seriousness level is "3" but for a Type II conviction, the seriousness level is "4." During sentencing, the trial court identified the seriousness level for this defendant's crime of sexual battery as "3." This indicates a Type I offense. Thus the seriousness level of defendant's Type I sexual battery conviction on count one (1) is in grid level "3."
In calculating defendant's criminal history index, we note he has no prior convictions. Therefore, his criminal history index is "G" for computation of the convictions. The criminal history index coupled with a seriousness level of "1" places the defendant within grid cell "1G" for the forcible rape conviction. La.S.G. § 403.A. This cell provides for a sentence between 60-90 months. The applicable grid cell for each sexual battery conviction is "3G," La.S.G. § 403.A. This cell provides for a sentence between 24-48 months.
However, the guidelines are not etched in stone and allows departure from the recommended sentences. When departing from the designated sentencing range, the court shall pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history. It must state for the record the reasons for the departure which shall reflect the mitigating or aggravating circumstances, and the factual basis for the sentence. La.S.G. § 209(A)(4). Additionally, the guidelines require a similar recitation of aggravating and mitigating circumstances when imposing consecutive sentences. La.S.G. § 215.
Departing from the guidelines, the trial court pointed out according to the evidence and presentence investigation, defendant sexually abused the victim, then age 13, for an extended period of time. Recognizing this was not "a run-of-the-mill forcible rape case," and specifically noting the defendant was 29 years old and the victim was only thirteen years old, the judge stated:
"We have here a man who is almost thirty years of age using and abusing sexually a child of thirteen. Or who was at the time about twenty-seven or eight. A man who was serving in loco parentis and who, as her step-father, should have been protecting her from harm. Instead, he was taking advantage of the unique status. And, according to the testimony, which the jury doubtless believed, instead of protecting her, you used her to satisfy your sexual appetite and this occurred over a period of several months.
* * * * * *
Now, as I said, I realize you are twenty-nine years of age and I also note that you have no prior criminal record. No prior felony convictions. You served in the Army about eight years and you were described by your peers as an average soldier. After your honorable discharge, you became a truck driver. Given these circumstances, had there been but one incident of sexual abuse, and if there had been any sound mitigating circumstances surrounding that one incident, perhaps it *199 would have been appropriate for the Court to have suspended a portion of the sentence. Other than the factors mentioned above, however, regarding your military service and that you have no prior felony convictions, I find little, if any, other circumstances under 894.1 to justify probating your sentence."
As reflected above, the court referred to certain aggravating circumstances in electing to depart from the sentencing guidelines and to impose a more severe sentence on the forcible rape count two (2). The factors mentioned by the trial judge constitute aggravating factors as delineated in La.S.G. § 209(B) which provides in relevant part:
2. The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth; advanced age, disability or ill health.
* * * * * *
4. The offender used his or her position or status to facilitate the commission of the offense.
* * * * * *
6. The offender used threats of or actual violence in the commission of the offense.
* * * * * *
19. Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction."
Although, the sentence imposed by the trial judge on the forcible rape count exceeds the maximum 6½ year sentence recommended in the guidelines, this case involved a parent repeatedly sexually abusing his minor stepdaughter. While the sentence for the reduced conviction on count one (1) also exceeds the recommended sentence as set forth in the guidelines, we find the "aggravating" circumstances expressed by the trial judge sufficiently justifies imposition of both sentences. However, we reverse defendant's conviction on the remaining counts finding the record evidence legally insufficient to maintain these convictions using the Jackson standard of review.
As discussed, the sentencing guidelines also require that the trial judge set forth the "aggravating and mitigating" circumstances when deciding to run the sentences "consecutively." Our review of the record discloses the trial judge made the following brief remarks in deciding not to run the sentences concurrently:
"... and I see no justification for making these run concurrent. These sentence are made to run consecutive to each other and consecutive to the sentence for forcible rape.
* * * * * *
And, as I said, I realize that this goes beyond the recommendation contained in the sentencing guidelines of the Sentencing Commission. But I think they are far too lenient..."
While we join the trial judge in expressing the sentencing guidelines appear "too lenient" in certain instances, this recognition alone does not discharge the trial judge's responsibility to specify with "some particularity" the "aggravating" circumstances relied upon to depart from the guidelines when imposing a "consecutive" sentence. Prior to the guidelines' enactment, this court said imposition of consecutive rather than concurrent sentences for crimes require particular justification. State v. Thompson, 544 So.2d 421 (La.App. 3d Cir. 1989). Recognizing the Louisiana Supreme Court's holding in State v. Murdock, 416 So.2d 103 (La.1982), we stated in State v. Thompson, supra, "consecutive sentences are justified when, due to the defendant's past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public; similar to those posed by habitual offenders." Although defendant deserves to be seriously punished for the crime of forcible rape and sexual battery on a minor, still his past conduct does not demonstrate that he is an habitual sex offender or he lacks redemptive character.
Thus, in cases involving offenders without prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions *200 arise out of the same course of conduct. State v. Jacobs, 383 So.2d 342 (La.1980); State v. Cox, 369 So.2d 118 (La.1979). The absence of a criminal past mitigates in favor of defendant; and all the offenses originally charged against him arose out of the same course of conduct. Accordingly, the trial judge should have imposed concurrent sentences under the circumstances.

ERROR PATENT
The penalty provision for forcible rape also provides in pertinent part:
"B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence. R.S. 14:42.1(B).
The trial court's forcible rape sentence did not provide for the minimum requirement that defendant serve at least two (2) years of this sentence without benefit of parole, probation or suspension of sentences. This error was in defendant's favor. The State did not appeal the sentence. In State v. Phillip, 606 So.2d 49, 50 (La.App. 3d Cir. 1989), we said:
"We are aware that in an earlier opinion [State v. Solomon, 549 So.2d 938 (La.App. 3d Cir.1989)] the case was remanded for correction of an illegally lenient sentence. No writ application was made to the Supreme Court in Solomon. In that case the illegal portion of the sentence provided for `unsupervised' probation whereas `supervised' probation was required by the statutes. No jail time was involved. The Supreme Court in Fraser stated that `there is no codal or statutory authority for an appellate court to search the record for patent sentencing errors to the detriment of the only party who sought review by the appellate court.' In the present case, although the defendant appealed his sentence, he did so on grounds of excessiveness only. The illegal portion of the sentence is favorable to the defendant. We find that Fraser is controlling.
Further it offends a sense of `fairness' to subject the defendant to the possibility of a harsher sentence when the state has not complained of the sentence. Such action would have a chilling effect on the right of a defendant to seek appellate review."
Thus, defendant's conviction and sentence on count two (2) for forcible rape are affirmed. Defendant's conviction on count one (1) for the lesser offense of sexual battery also is affirmed. His convictions of the lesser included offenses of sexual battery on counts ten (10) and eleven (11) are reversed. The sentences are to run concurrently.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
LABORDE, J., concurs in the results.
DOMENGEAUX, C.J., concurs in part and dissents in part with written reasons.
DOMENGEAUX, Chief Judge concurring in part and dissenting in part.
I concur in the affirmation of the defendant's conviction and sentence on count two (2) for forcible rape. I likewise agree to the affirmation of defendant's conviction on count one (1) for the lesser offense of sexual battery. I agree to the reversal on count eleven (11), but disagree to the reversal on count ten (10). I feel that the conviction on count ten (10) should be affirmed. I further disagree with the majority opinion which concludes that the sentences should be made concurrent instead of consecutive.
The occurrences under count ten (10) took place between December 1, 1991 and December 25, 1991. The victim testified that in the month of December, before Christmas, a rape occurred in the living room and was similar to the earlier incidents. I submit that the testimony of the victim, coupled with Dr. Griffin's testimony, establishes sufficient evidence to find defendant guilty of the lesser included offense of sexual battery on count ten (10).
Defendant argues the trial judge deviated from the sentencing guidelines without justification, thereby rendering excessive sentences.
In State v. Sepulvado, 367 So.2d 762 (La. 1979), the Supreme Court determined that *201 Art. 1, § 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The court, in Sepulvado, supra, found that the statutory criteria set forth in old La.C.Cr.P. Art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives.
The jurisprudence clearly indicates that to constitute an excessive sentence, this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
The penalty for a conviction of forcible rape provides for a sentence at hard labor for not less than five nor more than 40 years, with at least two years of the sentence to be served without benefit of parole, probation or suspension of sentence. La.R.S. 14:42.1. The penalty for a conviction of sexual battery provides for a sentence with or without hard labor for not more than 10 years. La.R.S. 14:43.1.
I submit this court should use the new sentencing guidelines as an aid in determining whether a sentence is constitutionally excessive. In order to use the sentencing guidelines as an aid, the appropriate grid cell must be determined to arrive at the designated sentencing range. The grid cell is determined by the seriousness level of the offense and the criminal history index of the offender.
The seriousness level for the crime of forcible rape is grid level "1." La.S.G. § 401(B). In relation to the crime of sexual battery, however, the guidelines differentiate between one committed by compulsion of fear of bodily harm (Type I) and one committed when the victim is under 15 years of age (Type II) reflecting the definition of the offense as amended in 1991. La.S.G. § 401(A). For a Type I conviction, the seriousness level is "3" but for a Type II conviction, the seriousness level is "4." During sentencing, the trial judge identified the seriousness level for this defendant's crime of sexual battery as "3." This indicates a Type I offense. I submit there is evidence of both Type I and Type II offenses and the bill of information did not specify which type, therefore, I will adhere to the trial judge's determination of a Type I offense. This places the seriousness level of a Type I sexual battery conviction in grid level "3."
Next, the criminal history index must be calculated. As reflected on the P.S.I., defendant has no prior convictions. Therefore, his criminal history index is "G" for computation of all four present convictions.
The criminal history index, coupled with a seriousness level of "1," places the defendant within grid cell "1G" in relation to his conviction of forcible rape. La.S.G. § 403.A. This cell provides for a sentence between 90-60 months.
The applicable grid cell for each sexual battery conviction is "3G," La.S.G. § 403.A. This cell provides for a sentence between 48-24 months.
Obviously, the trial judge departed from the guidelines by sentencing the defendant to 15 years at hard labor for forcible rape and five years at hard labor for each conviction of sexual battery. Although he considered running these concurrently, he found "no justification" for this and ordered the sentences to run consecutively.
The sentencing guidelines provide for a means by which a trial judge may depart therefrom. When departing from the designated sentencing range, the judge shall pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history and state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor. La. *202 S.G. § 209(A)(4). Additionally, the guidelines require a similar recitation of aggravating and mitigating circumstances when issuing consecutive sentences. La.S.G. § 215.
Because the guidelines require the setting forth of aggravating and mitigating factors for departure from the guidelines, as well as running any sentences consecutively, I will review these factors.
At sentencing, the trial judge pointed out that according to the evidence adduced at trial and the presentence investigation, the defendant sexually abused the victim for a period of 10 months. The judge recognized this was not "a run-of-mill forcible rape case" as the defendant was 29 years old and the victim only 13 years old. The judge stated:
We have here a man who is almost thirty years of age using and abusing sexually a child of thirteen. Or who was at the time about twenty-seven or eight. A man who was serving in loco parentis and who, as her step-father, should have been protecting her from harm. Instead, he was taking advantage of the unique status. And, according to the testimony, which the jury doubtless believed, instead of protecting her, you used her to satisfy your sexual appetite and this occurred over a period of several months.
Moreover, the judge stated:
Now, as I said, I realize you are twenty-nine years of age and I also note that you have no prior criminal record. No prior felony convictions. You served in the Army about eight years and you were described by your peers as an average soldier. After your honorable discharge, you became a truck driver. Given these circumstances, had there been but one incident of sexual abuse, and if there had been any sound mitigating circumstances surrounding that one incident, perhaps it would have been appropriate for the Court to have suspended a portion of the sentence. Other than the factors mentioned above, however, regarding your military service and that you have no prior felony convictions, I find little, if any, other circumstances under 894.1 to justify probating your sentence.
In relation to the issuance of consecutive sentences, the judge reasoned:
* * * * * *
and I see no justification for making these run concurrent. These sentence[s] are made to run consecutive to each other and consecutive to the sentence for forcible rape.
* * * * * *
And, as I said, I realize that this goes beyond the recommendation contained in the sentencing guidelines of the Sentencing Commission. But I think they are far too lenient.
Obviously, the judge set forth numerous aggravating circumstances for his departure from the sentencing guidelines. I agree with the trial judge in his observation that this was not a typical forcible rape case. This case involved a parent repeatedly sexually abusing his own step-daughter for a period of months. The factors set forth by the trial judge constitute aggravating factors under La.S.G. § 209(B). I submit the following subsections of § 209 of the guidelines qualify as sufficiently aggravating to allow a departure:
2. The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability or ill health.
* * * * * *
4. The offender used his or her position or status to facilitate the commission of the offense.
* * * * * *
6. The offender used threats of or actual violence in the commission of the offense.
* * * * * *
19. Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.
In mitigation, the judge noted defendant's lack of a criminal record and his service and honorable discharge from the Armed services.
*203 I submit that the aggravating factors mentioned by the trial judge are sufficient to warrant the degree of departure from the guidelines as occurred in this case.