| .CIACCIO, Judge.
On July 10, 1995, the defendant was charged by bill of information with violating La.R.S. 40:966(D)(2), second offense possession of marijuana, a felony. On August 21, 1995, the defendant entered a plea of guilty as charged. He was sentenced to serve two years in parish prison with credit for time served. The trial court suspended the sentence and placed him on two years inactive probation, with the special conditions that he submit to five drug tests, pay $167.50 court costs, and $500.00 to the Judicial Expense Fund by February 21, 1996. The State objected to the sentence and applied for a writ of certiorari, seeking review of the sentence.
The issue raised in the State’s writ application is whether the trial court imposed an illegal sentence for a felony conviction when it ordered that the defendant serve inactive probation, instead of active probation. La.C.Cr.P. art. 893 provides in part:
A. When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole.
12Probation granted under this article must be active probation under the supervision of the probation department. See: State v. Jordan, 94-1012 (La.App. 3d Cir. 2/1/95), 650 So.2d 407 writ denied, 95-0564 (La. 6/30/95), 657 So.2d 1027; State v. Solomon, 549 So.2d 938 (La.App. 3d Cir.1989).
Here, the defendant pled guilty to a felony offense. The minute entry of his sentencing reveals that the trial court ordered that he be sentenced to inactive probation. As per the terms of La.C.Cr.P. art. 893, the court erred by so doing. However, a review of the sentencing transcript shows that the trial court determined the sentence which the defendant was to receive after negotiations with the defense attorney and the State. The defendant was informed of that sentence prior to pleading guilty, a fact reflected on the plea form. That form shows that the defendant was informed that he would receive inactive probation.
When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). Even if there was no plea bargain with the State, if the defendant justifiably believed there was, and pled guilty in part because of that justifiable belief, the guilty plea was not knowingly made. In such a case the plea must be set aside and defendant allowed to plead again. State v. Hayes, 423 So.2d 1111 (La.1982); State ex rel LaFleur, 416 So.2d 82 (La.1982).
The record before us establishes that relator had a justifiable belief that he had a specific plea bargain for a sentence of two years inactive probation. However, the record does not indicate that the State was a party to this bargain as the State made known to the trial court its objection to the inactive probation.
Accordingly, the sentence imposed by the trial court on August 21, 1995 is vacated. We remand the matter to the trial court to allow the defendant the opportunity to withdraw his guilty plea and to enter a new plea. In the event the defendant chooses not to withdraw his guilty plea, the trial court is ordered to resentenee the defendant consistent with this opinion.

VACATED AND REMANDED.