Dear Ms. Willard,
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you asked the following:
 May the state or municipal courts utilize the services of a third party to supervise probationers and monitor "House Arrest Programs", and other terms of a sentence imposed as an alternative to incarceration?
For purposes of this opinion, probation and House Arrest Programs will be discussed separately.
PROBATION
The standards which govern suspension, deferral of sentence and probation in felony cases are found in C.Cr.P. Art. 893, providing in pertinent part:
 When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. (emphasis added).
Probation granted under this article must be an active probation under the supervision of the probation department.State v. Hunter, App. 4 Cir. 1995, 95-1842 (La.App. 4 Cir. 9/28/95), 662 So.2d 67. Therefore, supervision solely provided by a third party is precluded.
As to probation in misdemeanor cases, C.Cr.P. Art. 894, in pertinent part provides:
 A. Notwithstanding any other provision of this Article to the contrary, when a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed, provided suspension is not prohibited by law, and place the defendant on unsupervised probation or probation supervised by a probation office, agency, or officer designated by the court, other than the division of probation and parole of the Department of Public Safety and Corrections, upon such conditions as the court may fix. (emphasis added).
As stated previously in La. Atty. Gen. Op. 90-463, the phrase "office, agency, or officer" connotes public entities or officers only. Further, no provision of Title 15 or the Code of Criminal Procedure authorizes the court to delegate authority to supervise misdemeanants to a private individual or business. A court may utilize private probation services only if said private probation service is supervised or monitored by a public entity or office.
HOUSE ARREST PROGRAMS
The standards which govern home incarceration are found in C.Cr.P. 894.2, providing:
 A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
 (1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
 (2) In felony cases, the Department of Public Safety and Corrections, through the division of probation or parole, recommends home incarceration of the defendant and specific conditions of that home incarceration, or the district attorney recommends home incarceration, or, after contradictory hearing, the court determines that home incarceration would serve the best interests of justice.
The legislature, pursuant to its power to determine the appropriate punishment for crimes classified as felonies, enacted this special provision which allows the trial judge to sentence a defendant to home incarceration in lieu of imprisonment, even though the statute the defendant was convicted under requires the defendant to be sentenced to a term of imprisonment without benefit of probation, parole, or suspension of sentence.
However, before the trial judge may sentence a defendant to home incarceration in lieu of a traditional corrections facility, the defendant must satisfy all of the criteria of established by C.Cr.P. Art. 894.2.
Therefore, in accordance with the aforementioned limitations, home incarceration is not available to the sentencing court in felony cases unless the probation division of the Department of Corrections recommends it. Consequently, this same division sets forth and supervises the specific conditions of that home incarceration.
The standards for supervision in misdemeanor cases are not as clear. The article does not expressly list the standards which cover misdemeanor supervision of house arrest. In the opinion of this office, C.Cr.P. Art. 894.2 and C.Cr.P. Art. 894 should be viewed a fortiori. Therefore, private party supervision is not available to house arrest unless it is supervised or monitored by a public entity or office.
I hope that this opinion adequately addressed your question. If this office can be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ ANN EVANS WALL ASSISTANT ATTORNEY GENERAL
Date Received: Date Released:
ANN EVANS WALL ASSISTANT ATTORNEY GENERAL